FILED
CLERK, U.S. DISTRICT COURT
11/25/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: RYO  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00971-JFW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JORGE VASQUEZ, and GABRIELLA LOPEZ, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this indictment:

1. The H-2A visa program allowed employers in the United States to hire foreign workers for temporary or seasonal agricultural work if the employer could not find domestic workers who were able, willing, qualified, and available. A prospective H-2A worker could

1  not apply for an H-2A visa until the prospective employer had
2  received an approved visa petition from the United States Citizenship
3  and Immigration Services ("USCIS").
4      2.   An H-2A Labor Contractor ("Contractor") was an individual
5  or business that engaged in the employment, recruitment, soliciting,
6  hiring, furnishing, housing, or transportation of H-2A workers,
7  generally on behalf of farms.  A Contractor could petition for H-2A
8  visas for workers who the Contractor would then provide to farms for
9  agricultural work.  Typically, a farm paid the Contractor a lump sum
10 for a specified amount of work, and the Contractor was responsible
11 for paying the H-2A workers.
12     3.   In order to obtain an approved H-2A visa petition for its
13 prospective workers, the H-2A employer, including a Contractor, was
14 required first to file a Department of Labor ("DOL") Form 790 ("Job
15 Order") with the State Workforce Agency ("SWA") in the geographic
16 area of intended employment.  In California, the SWA was the
17 Employment Development Department ("EDD").
18     4.   The Job Order included information relating to the job
19 offer such as wages, hours, the anticipated duration of employment,
20 the geographic area of employment, the type of work, and guarantees
21 regarding free housing and transportation to be provided by the
22 employer to the H-2A workers.
23     5.   Once the SWA approved the Job Order, the employer could
24 obtain a Labor Certification from the DOL by filing a DOL Form 9142A,
25 Application for Temporary Employment Certification.  After receiving
26 the Labor Certification, the employer was required to file a Petition
27 for Nonimmigrant Worker Form I-129 ("Petition") with USCIS.  Once the
28

petition was approved, a prospective H-2A worker could file his or her visa application with the Department of State.

6. The H-2A program included various protections intended to protect domestic workers from negative effects on wages or working conditions and to protect the foreign workers from exploitation, specifically:

   a. H-2A employers were prohibited from seeking or receiving payments from workers for any activity related to obtaining a labor certification.

   b. H-2A employers were prohibited from charging workers for any tools, supplies, and other equipment required for the job, for any transportation to and from fields, and for any employer-provided housing.

   c. H-2A employers were also prohibited from making misrepresentations to H-2A workers regarding the terms, working conditions, benefits, and wages related to their employment in the United States.

   d. H-2A employers were required to comply with applicable federal, state, and local employment-related laws and regulations, including employment-related health and safety laws and payroll deductions.

B.  OBJECT OF THE CONSPIRACY

7. Beginning on a date unknown, and continuing to on or about November 3, 2025, in Santa Barbara County, within the Central District of California, and elsewhere, defendants JORGE VASQUEZ and GABRIELA LOPEZ knowingly conspired and agreed with each other and others known and unknown to the Grand Jury to commit the following offenses against the United States:

        a. Mail Fraud, in violation of Title 18, United States Code, Section 1341;

        b. False Swearing in an Immigration Matter, in violation of Title 18, United States Code, Section 1546(a); and

        c. Fraud in Foreign Labor Contracting, in violation of Title 18, United States Code, Section 1351.

C.    <u>MANNER AND MEANS OF THE CONSPIRACY</u>

    8. The objects of the conspiracy were carried out, and were to be carried out, in substance, as follows:

        a. Defendant VASQUEZ would recruit foreign workers to work for entities controlled by defendants VASQUEZ and LOPEZ on H-2A visas. These entities included Company 1 and Company 2 (the "Employers"). Defendant VASQUEZ would charge the potential visa recipients approximately $7,500 to $15,000 for the H-2A visas.

        b. Defendants VASQUEZ and LOPEZ would cause a Petition for H-2A visas to be filed on behalf of the Employers with the United States Citizenship and Immigration Services ("USCIS"). As part of the application, defendants would falsely represent, among other things, that they did not seek or receive, or would not seek or receive, payments from prospective H-2A workers.

        c. Defendants VASQUEZ and LOPEZ knowingly caused the Petition to be delivered by a private and commercial interstate carrier such as FedEx or UPS.

        d. Defendants VASQUEZ and LOPEZ would also cause a DOL Form 9142A to be filed on behalf of the Employers with the DOL for the H-2A visas. As part of the application, defendants would falsely represent, among other things, that they did not seek or receive payments from prospective H-2A workers. Defendants VASQUEZ and LOPEZ

would also represent that the Employers would provide transportation between the workers' living quarters and the Employers' worksites and secure housing without cost to the workers.

   e. Defendants VASQUEZ and LOPEZ would arrange for the approved H-2A workers to cross the border in the United States of America. Once the H-2A workers were in the present in the country, Defendants VASQUEZ and LOPEZ would charge H-2A workers for transportation and housing. In addition, defendants VASQUEZ and LOPEZ would cause the Employers to pay the H-2A workers at a lower rate than what was promised to the H-2A workers and represented in the Petition and DOL Form 9142A.

   f. Defendants VASQUEZ and LOPEZ would prevent H2-A workers from leaving the farm they were working if they did not pay defendants VASQUEZ and LOPEZ additional fees.

D. <u>OVERT ACTS</u>

  9. On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants VASQUEZ and LOPEZ, together with others known and unknown to the Grand Jury, committed, and caused others to commit, the following overt acts, among others, within the Central District of California and elsewhere:

  <u>Overt Act No. 1</u>: On August 17, 2023, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a DOL Form 9142A, requesting H-2A visas for Company 2. The DOL Form 9142A represented that Company 2, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers, and would not charge the workers for transportation or housing.

<u>Overt Act No. 2</u>: On August 30, 2023, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a DOL Form 9142A, requesting H-2A visas for Company 2. The DOL Form 9142A represented that Company 2, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers, and would not charge the workers for transportation or housing.

<u>Overt Act No. 3</u>: On September 7, 2023, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a Petition for Nonimmigrant Worker, USCIS Form I-129, requesting H-2A visas for Company 2.  The Petition represented that Company 2, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers.

<u>Overt Act No. 4</u>: In or around October 2023, defendant VASQUEZ charged E.A., an individual worker, $15,000 in exchange for an H-2A visa to work at Company 2.

<u>Overt Act No. 5</u>: In or around October 2023, defendant VASQUEZ charged A.R., an individual worker, $12,500 in exchange for an H-2A visa to work at Company 2.

<u>Overt Act No. 6</u>: On February 12, 2024, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a Petition for Nonimmigrant Worker, USCIS Form I-129, requesting H-2A visas for Company 2.  The Petition represented that Company 2, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers.

<u>Overt Act No. 7</u>: On October 8, 2024, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a DOL Form 9142A, requesting H-2A visas for Company 1.  The DOL Form 9142A represented that Company 1, and its agents, did not, or would not,

seek or receive payments from prospective H-2A workers, and would not charge the workers for transportation or housing.

Overt Act No. 8: On February 25, 2025, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a DOL Form 9142A, requesting H-2A visas for Company 1.  The DOL Form 9142A represented that Company 1, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers, and would not charge the workers for transportation or housing.

Overt Act No. 9: On March 28, 2025, defendants VASQUEZ and LOPEZ, along with known and unknown co-conspirators, filed a Petition for Nonimmigrant Worker, USCIS Form I-129, requesting H-2A visas for Company 1.  The Petition represented that Company 1, and its agents, did not, or would not, seek or receive payments from prospective H-2A workers.

Overt Act No. 10: In or around May 2025, defendant VASQUEZ charged P.M., an individual worker, $8,500 in exchange for an H-2A visa to work at Company 1.

Overt Act No. 11: In or around May 2025, defendant VASQUEZ charged A.R., an individual worker, $7,500 in exchange for an H-2A visa to work at Company 1.

Overt Act No. 12: On July 11, 2025, defendant VASQUEZ charged P.M., an individual worker, $5,000 in order for P.M. to leave Company 1.

1  COUNTS TWO THROUGH FOUR

2  [18 U.S.C. § 1341; 2(a)]

3  [ALL DEFENDANTS]

4  A.  SCHEME TO DEFRAUD

5  Beginning on a date unknown to the Grand Jury, and continuing
6  through at least in or around November 3, 2025, in Santa Barbara
7  County, within the Central District of California, and elsewhere,
8  defendants JORGE VASQUEZ and GABRIELLA LOPEZ, each aiding and
9  abetting the other and others known and unknown to the Grand Jury,
10 knowingly and with intent to defraud, devised, participated in, and
11 executed a scheme to defraud potential H-2A workers, the Department
12 of Labor, the United States Citizenship and Immigration Services, and
13 the Department of State, by means of material false and fraudulent
14 pretenses, misrepresentations, and promises, and the concealment of
15 material facts.

16 The scheme to defraud was carried out by defendants VASQUEZ and
17 LOPEZ, in substance, as set forth in Paragraph 8 of this Indictment.

18 B.  USE OF THE MAIL

19 On or about the dates set forth below, within the Central
20 District of California and elsewhere, defendants VASQUEZ and LOPEZ,
21 each aiding and abetting the other, for the purpose of executing and
22 attempting to execute the above-described scheme to defraud, caused
23 //
24 //
25
26
27
28

the following items to be deposited with and delivered by a private and commercial interstate carrier:

| Count | Date: | Item Mailed: |
|---|---|---|
| TWO | September 7, 2023 | An envelope containing a Petition from Company 2 via FedEx |
| THREE | February 12, 2024 | An envelope containing a Petition from Company 2 via FedEx |
| FOUR | March 28, 2025 | An envelope containing a Petition from Company 1 via UPS |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

```
 1  been substantially diminished in value; or (e) has been commingled
 2  with other property that cannot be divided without difficulty.
 3
 4                                          A TRUE BILL
 5
 6                                          /S/
                                            Foreperson
 7
 8  BILAL A. ESSAYLI
    First Assistant United States
 9  Attorney
10  ALEXANDER B. SCHWAB
    Assistant United States Attorney
11  Acting Chief, Criminal Division
12  [signature: Frances D. Lewis]
13
    FRANCES S. LEWIS
14  Assistant United States Attorney
    Chief, General Crimes Section
15
    SHAWN T. ANDREWS
16  Assistant United States Attorney
    Deputy Chief, General Crimes
17  Section
18  NEIL P. THAKOR
    Assistant United States Attorney
19  General Crimes Section
20
21
22
23
24
25
26
27
28
                                  11
```